UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
RUDI RIVAS,

                 Petitioner,

    -against-

MARK MILLER, Superintendent of Green Haven
Correctional Facility,

                Respondent.
-------------------------------------------------------------------X

For Online Publication Only

**ORDER**
21-CV-7041(JMA)

**FILED**
**CLERK**

1/21/2022 3:48 pm

**U.S. DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**LONG ISLAND OFFICE**

**AZRACK, United States District Judge:**

On December 20, 2021, incarcerated pro se petitioner Rudi Rivas ("Petitioner") filed another Petition[1] seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (See Pet., ECF No. 1.) Petitioner did not remit the filing fee, nor did he file an application to proceed in forma pauperis. Accordingly, by Notice of Deficiency dated January 5, 2022, Petitioner was instructed to either remit the filing fee or to file an application to proceed in forma pauperis. (See Not., ECF No. 3.) On January 20, 2022, Petitioner timely filed an application to proceed in forma pauperis. (See IFP Mot., ECF No. 4.) Petitioner again seeks to challenge two state court judgments of conviction against him: (1) Indictment No. 217-94, a judgment of conviction was entered in the County Court, Suffolk County (Vaughn, J.) against Petitioner on September 23, 1994 upon a guilty plea to Criminal Sale of a Controlled Substance in the Second Degree, and sentencing him to eight

---

[1] See Rivas v. Walsh, 00-CV-2985 (2254 Petition dismissed and leave to file successive Petition denied by the Second Circuit); Rivas v. Griffin, 14-CV-0632 (2254 Petition transferred to the Second Circuit as successive and leave to file successive Petition denied by the Second Circuit); Rivas v. Griffin, 14-CV-6828 (2254 Petition transferred to the Second Circuit as successive and Second Circuit denied leave to file and, by Mandate dated October 16, 2015, entered a leave-to-file sanction requiring that "the Clerk of th[at] Court refuse to accept for filing any further submissions from Petitioner pertaining to his 1994 and 1995 convictions unless he first obtains leave from a judge of th[at] Court to file such papers."); Rivas v. Lee, 15-CV-7011 (2241 Petition transferred to the Second Circuit as successive and Second Circuit dismissed Petition because it "does not represent a departure from Petitioner's "prior pattern of vexatious filings."); Rivas v. Lee, 18-CV-5190 (2241 Petition transferred to the Second Circuit as successive and the Second Circuit dismissed it).

(8) years-to-life; and (2) Indictment No. 2506-94, a judgment of conviction was entered in the same court against Petitioner on June 22, 1995 upon a jury verdict convicting him of Criminal Sale of a Controlled Substance in the First Degree and Criminal Possession of a Controlled Substance in the First Degree, and sentencing him to twenty-five (25) years-to-life on each count, to run concurrently to each other and consecutive to his earlier eight (8) year sentence.

Upon review of the declaration accompanying Petitioner's application to proceed in forma pauperis, the Court finds that Petitioner's financial status qualifies him to commence this action without prepayment of the filing fees. See 28 U.S.C. § 1915(a)(1). Accordingly, Petitioner's application to proceed in forma pauperis is GRANTED. However, because the instant Petition is successive within the meaning of Antiterrorism and Effective Death Penalty Act ("AEDPA"), this Court lacks jurisdiction. Torres v. Senkowski, 316 F.3d 147, 151 (2d Cir. 2003) (The AEDPA "allocates jurisdiction to the courts of appeals, not the district courts, to authorize successive habeas motions or applications.") Accordingly, Petitioner must move for authorization to pursue this successive Petition for habeas relief in the United States Court of Appeals for the Second Circuit. See 28 U.S.C. § 2244(b)(3)(A).

Notwithstanding the fact that the United States Court of Appeals for the Second Circuit has already entered a leave-to-file sanction against Petitioner due to his "prior pattern of vexatious filings", in the interests of justice, the Clerk of the Court shall transfer this Petition to the United States Court of Appeals for the Second Circuit pursuant to 28 U.S.C. § 1631. Torres, 316 F.3d at 151-52 (citing Liriano v. United States, 95 F.3d 119, 121-23 (2d Cir. 1996) ("[W]e have held that a district court must transfer uncertified successive motions to th[e Second Circuit Court of Appeals] pursuant to 28 U.S.C. § 1631. . ."); see also Rivas v. Lee, 15-CV-7011 Mandate, dated

July 20, 2017, at Docket Entry 18 ("[T]he district court properly transferred his district court filing to this Court as a successive 28 U.S.C. § 2254 petition.") This Order **CLOSES** this case. If the Second Circuit authorizes Petitioner to proceed in this matter, he shall move to reopen this docket number, 22-CV-7041(JMA).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is DENIED for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962). The Clerk of the Court is directed to mail a copy of this Order to Petitioner and to mark this case **CLOSED**.

**SO ORDERED.**

Dated: January 21, 2022
  Central Islip, New York

　　　　　　　　　　　　　　　　　　　　　　/s/ JMA
　　　　　　　　　　　　　　　　　　　　　　JOAN M. AZRACK
　　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE